UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

IRMA PEREZ, *an individual*,

               Plaintiff,

v.

LEGACY HEALTH, *a corporation*,

               Defendant.

Case No. 3:24-cv-01038-AR

**FINDINGS AND RECOMMENDATION**

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff Irma Perez brings this religious discrimination action against her former employer, Legacy Health. Perez alleges that Legacy discriminated against her by denying her request for a religious exemption to Legacy's COVID-19 vaccine policy and then firing her. According to Perez, Legacy's failure to make a good-faith effort to reasonably accommodate her religious beliefs violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Oregon's statutory parallel, ORS § 659A.030. (Compl. ¶¶ 17-31, ECF No. 1.)

      Legacy moves to dismiss Perez's state-law claim as untimely, arguing that ORS § 659A.875, which limits the time for filing an action for violation of ORS § 659A.030, required

Page 1 – FINDINGS AND RECOMMENDATION
*Perez v. Legacy Health*, 3:24-cv-01038-AR

Perez to file this action within 90 days of the mailing date of her right-to-sue letter from the Oregon Bureau of Labor and Industries (BOLI). (Def.'s Mot. at 17, ECF No. 9.) Perez concedes that she filed a complaint with BOLI, that she received a right-to-sue notice, and that she filed this action more than 90 days after that notice was mailed. But Perez interprets ORS § 659A.875 to allow her to bring her action in court *either* within 90 days of when her right-to-sue letter was mailed *or* within five years of the alleged unlawful employment action, whichever is longer. (Pl.'s Resp. at 3-7, ECF No. 18.) Under that interpretation, her claim is timely because it was filed within five years of the alleged unlawful employment action.

The court agrees with Legacy that, because Perez filed a BOLI complaint about the same conduct she complains of here, she needed to file her civil action within 90 days after her right-to-sue letter was mailed. Accordingly, Legacy's Motion to Dismiss should be GRANTED.[1]

## BACKGROUND

The court construes as true the factual allegations of Perez's Complaint. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). Perez worked for Legacy as a housekeeper for more than 16 years. (Compl. ¶ 16.) After the COVID-19 pandemic began in early 2020, Perez adhered to the safety precautions—such as wearing personal protective equipment, handwashing, and social distancing—that Legacy implemented to prevent the spread of infection. (*Id.* ¶ 6.)

Then, in the summer of 2021, Legacy announced that it would require its employees to be vaccinated against COVID-19 or receive an exemption for medical or religious reasons. (*Id.* ¶ 7.)

---

[1] Legacy requests oral argument. The court, however, does not believe that oral argument would help resolve the pending motion. *See* LR 7-1(d)(1).

Perez requested a religious exemption to the vaccine requirement. (*Id.* ¶ 10.) She explained that her Catholic beliefs prohibited her from cooperating in abortion, which she views as the killing of innocents. She informed Legacy that she could not receive the COVID-19 vaccines because of "their connection to the use of cell lines from aborted fetuses." (*Id.* ¶ 17.)

Legacy denied Perez's request, placed her on unpaid leave, and then fired her in October 2021. (*Id.*)

Perez filed a complaint with BOLI, alleging that Legacy had fired her because she refused to get the COVID-19 vaccine even though receiving the vaccine conflicted with her faith. (ECF No. 10-1 at 4-5.) In February 2023, BOLI informed Perez that it was dismissing her complaint and advised her of her right to file a civil action in court. BOLI's letter to Perez explained:

> This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice.

(90-Day Notice, ECF No. 10-2.)[2] The letter's "Date of Mailing" was February 8, 2023. (*Id.*) Perez filed her Complaint with this court more than a year later, on June 26, 2024. (ECF No. 1.)

\ \ \ \ \

---

[2] The court takes judicial notice of Perez's BOLI complaint and subsequent 90-Day Notice. Those documents are appropriate for judicial notice under Federal Rule of Evidence 201(b)(2) because they are "undisputed matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also South v. Legacy Health*, Case No. 3:24-cv-01093-AB, 2025 WL 404759, at *1 n.3 (D. Or. Feb. 4, 2025) (taking judicial notice of fact that plaintiff filed a BOLI complaint and fact that BOLI issued a right-to-sue notice).

Page 3 – FINDINGS AND RECOMMENDATION
*Perez v. Legacy Health*, 3:24-cv-01038-AR

## LEGAL STANDARD

A court will grant a Rule 12(b)(6) motion to dismiss for failure to state a claim when a claim is unsupported by a cognizable legal theory or when the complaint is without sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Assessing the sufficiency of a complaint's factual allegations requires the court to (1) accept that plaintiff's well-pleaded material facts alleged in the complaint are true; (2) construe factual allegations in the light most favorable to plaintiff; and (3) draw all reasonable inferences from the factual allegations in favor of plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).

## DISCUSSION

The parties dispute how the current version of ORS § 659A.875 should be interpreted.[3] ORS § 659A.875 provides, in relevant part:

> (1) Except as provided in subsection (2) of this section . . .[a] civil action under ORS 659A.885 alleging a violation of ORS 243.323, 659A.030, 659A.082, 659A.112 or 659A.370 must be commenced not later than five years after the occurrence of the alleged violation.
>
> (2) A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880.

ORS § 659A.820 allows a person aggrieved by an unlawful employment practice to file a complaint with BOLI.

---

[3]     As amended in 2019.

Page 4 – FINDINGS AND RECOMMENDATION
*Perez v. Legacy Health*, 3:24-cv-01038-AR

In Legacy's view, the text of ORS § 659A.875(2) unambiguously requires that an individual who files a BOLI complaint must commence any lawsuit based on the same claims within 90 days of the mailing of the right-to-sue letter. (Def.'s Reply at 2, ECF No. 19.)

Perez interprets the statute differently. She reads subsections (1) and (2) of the statute to limit her time to file a civil action "to [five] years" after the unlawful employment practice "*or* 90 days following the issuance of a right to sue letter from BOLI, *whichever is longer*, *not whichever is shorter*." (Pl.'s Resp. at 3 (emphasis added).) To support her proposed interpretation, Perez relies on three sources: (1) a 2017 opinion from another court in this district, (2) the textual changes to ORS § 659A.875 adopted by the Oregon legislature's passage of Senate Bill (SB) 726 in 2019, and (3) a letter submitted to the Oregon legislature in support of that bill. (Pl.'s Resp. at 3-6.)

In construing an Oregon statute, the court must "interpret the law as would the Oregon Supreme Court," *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010), which is to discern the legislature's intent using the analytical framework described in *State v. Gaines*, 346 Or. 160 (2009). Under that framework, "text and context" is examined first. *Gaines*, 346 Or. at 171. "[P]ertinent legislative history that a party may proffer" is examined next, giving that legislative history "whatever weight [the court] deems appropriate." *Id*. at 166, 172. Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id*. at 172.

Before beginning its analysis, the court notes that (contrary to Perez's characterization), it need not choose between an interpretation that imposes "whichever [time limit] is longer" and

Page 5 – FINDINGS AND RECOMMENDATION
*Perez v. Legacy Health*, 3:24-cv-01038-AR

one that imposes "whichever [time limit] is shorter." (Pl.'s Resp. at 3.) Legacy's position is not that the court should impose whichever time limit is shorter. (*See* Def.'s Reply at 2-3 & n.2 (citing *Leland v. Supervalu Wholesale Ops., Inc.*, Case No. 3:19-cv-02076-IM, ECF No. 13 at 8 (D. Or. Apr. 15, 2020) (noting that 90-day time period may extend statute of limitations beyond five years).) Under both parties' proposed interpretations, subsection (2) sometimes extends the time limit to file in court beyond the five years allowed by subsection (1): for example, where a plaintiff waits until the end of the five-year window to file her BOLI complaint.[4] The question before the court, then, is whether subsection (2)'s 90-day time limit can *also* shorten the time that a plaintiff has to file her civil action when the 90-day deadline falls before the end of the five-year period.

Subsection (1) of the limitations statute provides a five-year time limit for filing an action under ORS § 659A.030. But subsection (1) does not apply if subsection (2) does—it applies "except as provided in subsection (2)." Subsection (2), in turn, states that "a person who has filed [a BOLI complaint] *must* commence" her lawsuit "within 90 days after a 90-day notice is mailed." ORS § 659A.875(2) (emphasis added). The statute is unambiguous in requiring that, if a complaint is timely filed with BOLI, then any civil action relating to the same claims *must* be filed within 90 days after BOLI mails its right-to-sue notice. That is, when subsection (2) applies, the 90-day deadline displaces the five-year statute of limitations, regardless of whether the 90-day deadline falls before or after the end of the five-year period.

---

[4] A plaintiff has five years to file a BOLI complaint alleging a violation of ORS § 659A.030. ORS § 659A.820(3).

Page 6 – FINDINGS AND RECOMMENDATION
*Perez v. Legacy Health*, 3:24-cv-01038-AR

The court finds Perez's arguments to the contrary unconvincing. Perez first points to a case from this district, *Daniel v. Oregon Health & Sci. Univ.*, 262 F. Supp. 3d 1079, 1087 (D. Or. 2017), where the court interpreted the 2017 version[5] of the statute to allow the plaintiff either 90 days after the right-to-sue letter, or five years after the unemployment action, "whichever is longer." But most courts in this district, addressing the current version of ORS § 695A.875, have concluded that it unambiguously requires that a civil action be filed within 90 days of BOLI mailing a right-to-sue letter. *E.g.*, *Miller v. Legacy Health*, Case No. 3:24-cv-01073-IM, 2024 WL 4892736, at *3 (D. Or. Nov. 26, 2024) (so holding, and noting that this is "the only interpretation that can be reconciled with [ORS §] 659A.880(3), which requires that BOLI's 90-day notice state that 'any right to bring a civil action against the respondent under ORS 659A.885 will be lost if the action is not commenced within 90 days of the date of mailing of the 90-day notice.'"); *South v. Legacy Health*, Case No. 3:24-cv-01093-AB, 2025 WL 404759, at *2 (D. Or. Feb. 4, 2025) (same); *Bowerman v. St. Charles Health Sys., Inc.*, Case No. 6:23-cv-01488-MC, 2024 WL 3276131, at *8 (D. Or. July 1, 2024); *Denton v. Shriners Hosp. for Child.*,

---

[5] The statute was amended in 2019. Before that amendment, the statute provided, in relevant part:

> (1) Except as provided in subsection (2) of this section, a civil action under ORS 659A.885 alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed under ORS 659A.820.
>
> (2) A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880.

ORS § 659A.875(1)-(2) (2017).

Page 7 – FINDINGS AND RECOMMENDATION
*Perez v. Legacy Health*, 3:24-cv-01038-AR

Case No. 3:23-cv-00826-JR, 2024 WL 5170359, at *2 (D. Or. Dec. 2, 2024), *findings and recommendation adopted*, 2024 WL 5168361 (D. Or. Dec. 19); *see also Leland*, Case No. 3:19-cv-02076-IM, ECF No. 13 at 8 (reaching same conclusion as to 2017 version of the statute).

Perez next points to textual changes the legislature made when it amended the statute in 2019, which she says make it "abundantly clear that the interpretation given in the *Daniel* case was the correct one." (Pl.'s Resp. at 4.) As Perez notes, before the amendment, ORS § 659A.875(1) provided that a civil action under ORS § 659A.030 "must be commenced **within one year** after the occurrence of the unlawful employment practice unless a [BOLI] complaint has been timely filed." ORS § 659A.875(1) (2019); (Pl.'s Resp. at 4.) And, after the amendment, the statute requires that such an action "be commenced **not later than five years** after the occurrence of the alleged violation unless a [BOLI] complaint has been timely filed." Or. Laws. 2019, ch. 343 § 6. Perez contends that the amendment did more than extend the statute of limitations from one year to five. For her, the legislature's change of the word "within" to the phrase "not later than" is significant: this change "was inserted to specifically clarify" that the *Daniel* interpretation was correct. (Pl.'s Resp. at 5.) She also contends the legislature's use of the term "later" is a "direct reference" to the *Daniel* court's use of the phrase "whichever is **longer**.'" (*Id.* (emphasis in Pl.'s Resp.).)

Perez's theory based on the 2019 amendments is unpersuasive. The parties' dispute hinges on the interplay between subsections (1) and (2) of the statute, not on the meaning of "not later than." And if the legislature had, as Perez contends, intended to make clear that *Daniel*'s interpretation was correct, it could have done so. For starters, it could have changed the word

Page 8 – FINDINGS AND RECOMMENDATION
*Perez v. Legacy Health*, 3:24-cv-01038-AR

"must" to "may" in subsection (2). It didn't, and the changes that it did make do not render subsection (2)'s 90-day time limit non-binding.

Finally, Perez relies on a letter submitted on behalf of the Oregon Trial Lawyers Association (OTLA) in support of the bill amending the statute. The letter states:

> SB 726 provides a more realistic timeframe for victims of unlawful discrimination and harassment to pursue a remedy, recognizing that it often takes victims more than a year to gather the nerve to come forward. It also ensures that employees who first provide their employer the opportunity to address the problem do not unwittingly lose the right to pursue their claim with the Bureau of Labor and Industries or in court due to the passage of time.

(Pl.'s Resp. at 6.)

OTLA's letter does not address the 90-day time limit. Instead, it advocates in favor of extending the time for filing a complaint after an unlawful employment practice occurs. The concerns raised in the letter are not present where a plaintiff has already come forward by filing a BOLI complaint. *Denton*, 2024 WL 5170359, at *3. And, consistent with the letter's focus on extending the time to come forward, SB 726 not only amended ORS § 659A.875(1) to extend the time for filing a complaint in court from one to five years, it also amended ORS § 659A.820 to extend the time for filing a BOLI complaint from one to five years. *See* Or. Laws 2019, ch. 343 §§ 5-6. The legislative history on which Perez relies does not change the court's conclusion that subsection (2) required Perez to file her civil action within 90 days of her right-to-sue notice. ORS §§ 659A.875(1)-(2).

Because Perez filed her Complaint in this court more than 90 days after her right-to-sue notice was mailed on February 8, 2023, her claim under ORS § 659A.030 is untimely, and should be dismissed with prejudice.

## VOLUNTARY DISMISSAL OF CLAIMS

In her Response, Perez states that she "has agreed to dismiss voluntarily all claims other than the failure to accommodate claims under Title VII and ORS § 659A.03[0]." (Pl.'s Resp. at 1.) Plaintiff's claims other than her failure-to-accommodate claims should therefore be dismissed. Because no party addresses whether dismissal should be with or without prejudice, those claims should be dismissed without prejudice.

## CONCLUSION

For the above reasons, Legacy's Motion to Dismiss (ECF No. 9) should be GRANTED, and Perez's state-law failure-to-accommodate claim should be dismissed with prejudice. Perez's remaining claims, except her failure-to-accommodate claim under Title VII, should be dismissed without prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: February 12, 2025

_____
JEFF ARMISTEAD
United States Magistrate Judge