IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **IRMA PEREZ**, | Case No. 3:24-cv-1038-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **LEGACY HEALTH**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on February 12, 2025. Judge Armistead recommended that this Court grant Defendant's motion to dismiss, dismiss Plaintiff's state law failure-to-accommodate claim with prejudice, and dismiss Plaintiff's remaining claims, except for her failure-to-accommodate claim under Title VII, without prejudice.[1] No party has filed objections.

---

[1] Plaintiff agreed to voluntarily dismiss all claims other than her failure-to-accommodate claims under state law and Title VII.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Armistead's Findings and Recommendation for clear error on the face of the record. No such error is apparent.[2]

---

[2] Plaintiff relies on the Court's prior holding in *Daniel v. Or. Health & Scis. Univ.*, 262 F. Supp. 3d 1079, 1085-87 (D. Or. 2017), to argue that her state law failure-to-accommodate claim is not time-barred. The Court agrees with Judge Armistead that Oregon Revised Statutes § 659A.875(1)-(2) requires that a person must commence a civil action within 90 days of receiving a right-to-sue letter from the Oregon Bureau of Labor and Industries, and no longer adheres to its holding in *Daniel*.

The Court ADOPTS Judge Armistead's Findings and Recommendation, ECF 21. The Court GRANTS Defendant's motion to dismiss, ECF 9. The Court dismisses Plaintiff's state law failure-to-accommodate claim with prejudice. The Court dismisses Plaintiff's remaining claims, except for her failure-to-accommodate claim under Title VII, without prejudice.

**IT IS SO ORDERED.**

DATED this 27th day of February, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge